UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM MICHAEL WATSON, JR.,

       Plaintiff,

v.                              Case No:  2:15-cv-185-FtM-CM

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

---

## OPINION AND ORDER

Plaintiff William Michael Watson, Jr., appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for a period of disability and Disability Insurance Benefits ("DIB").  For the reasons discussed herein, the decision of the Commissioner is reversed, and this matter is remanded to the Commissioner pursuant to 42 U.S.C. § 405(g), sentence four.

## I.    Issue on Appeal and Summary of Decision

Plaintiff presents two issues on appeal:  (1) whether substantial evidence supports the finding of the Administrative Law Judge ("ALJ") that Plaintiff's depression is not severe and appropriately considered the rating decision of the Department of Veterans Affairs ("VA"), and (2) whether substantial evidence supports the ALJ's Residual Functional Capacity ("RFC") finding.  Because the Court finds that the ALJ failed to properly develop the record by allowing Plaintiff to supplement the record to submit the complete rating decision of the VA and thus did

not properly address the VA's rating decision or the record that was before the ALJ, this Court cannot properly evaluate whether substantial evidence supports the ALJ's decision as to either issue presented by Plaintiff. Accordingly, the case must be reversed and remanded to the Commissioner consistent with this opinion.

## II.   Procedural History and Summary of the ALJ's Decision

On December 22, 2009, Plaintiff filed an application for a period of disability and DIB, alleging he became disabled and unable to work on December 18, 2009. Tr. 222, 255. The Social Security Administration ("SSA") denied his claim initially and upon reconsideration. Tr. 130-31, 152-55, 159-63. ALJ Dwight M. Evans issued a decision on July 8, 2011 denying Plaintiff's application, Plaintiff requested review of the ALJ's decision, and the Appeals Council ("AC") vacated the decision and remanded for further proceedings. Tr. 135-43, 147-50. A second hearing was held on April 23, 2013, during which Plaintiff was represented by counsel; and on June 13, 2013, ALJ Evans issued a new decision denying Plaintiff's application. Tr. 13-22, 28-68. Plaintiff once again requested review of the ALJ's decision, which the AC denied. Tr. 1-3. Accordingly, the ALJ's June 13, 2013 decision is the final decision of the Commissioner. Plaintiff filed an appeal in this Court on March 23, 2015. Doc. 1.

### A.   Summary of ALJ's June 13, 2013 Decision and Factual Overview

Plaintiff was fifty-two years old at the time of his alleged onset date ("AOD") and fifty-six years old at the time of the ALJ's decision. Tr. 31, 222. Plaintiff alleged disability beginning on December 18, 2009 because of post-traumatic stress

disorder ("PTSD"), major depression, emphysema, a bad back and dementia.   Tr.
260.   Plaintiff previously worked as a school bus driver, mail carrier, post office
clerk, post office supervisor and administrative clerk.   Tr. 35, 58-59, 261.   He
earned a bachelor's degree in business management in 2010 and a master's degree in
business management in 2012, both after his AOD.   Tr. 35, 58-59, 261.

In his decision, the ALJ first determined that Plaintiff met the insured status
requirements of the Social Security Act through December 31, 2013.   Tr. 15.   At
step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since
the AOD.   *Id.*   At step two, the ALJ determined that Plaintiff had the following
severe impairments: COPD, degenerative disc disease, degenerative joint disease and
obesity.   Tr. 15.   At step three, the ALJ concluded that Plaintiff "does not have an
impairment or combination of impairments that meets or medically equals the
severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix
1."   Tr. 19.   Taking into account the effects from all of Plaintiff's impairments, the
ALJ determined that Plaintiff has the Residual Functional Capacity ("RFC") to:

> lift or carry twenty pounds occasionally and ten pounds
> frequently. Claimant can stand or sit for six hours in an
> eight-hour workday. Pushing and pulling are not limited
> beyond the scope of the claimant's ability to lift and carry.
> Claimant may never climb ladders, ropes or scaffolds.
> Claimant can frequently climb ramps, stairs, balance,
> stoop, kneel, crouch, or crawl. Claimant must avoid
> concentrated exposure to fumes, odors, dusts, gases, and
> poor ventilation due to mold COPD.

Tr. 19-20.   The ALJ found that Plaintiff's medically determinable impairments
reasonably could be expected to cause the alleged symptoms, but his statements
concerning the intensity, persistence and limiting effects of the symptoms were not

credible to the extent they were inconsistent with the ALJ's RFC assessment.   Tr. 21-22.

The ALJ then found that Plaintiff is capable of performing his past relevant work as a postal clerk and administrative clerk, both performed at the light exertional level with SVPs[1] of 4, finding "[t]his work does not require the performance of work-related activities precluded by the claimant's residual functional capacity."   Tr. 22. The ALJ determined that Plaintiff is not disabled and denied his claim.   Tr. 23.

### III.    Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months.   42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a).   The Commissioner has established a five-step sequential analysis for evaluating a claim of disability.   *See* 20 C.F.R. § 404.1520. The claimant bears the burden of persuasion through step four, and, at step five, the burden shifts to the Commissioner.   *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence.   *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988)

---

[1] "The DOT lists a specific vocational preparation (SVP) time for each described occupation. Using the skill level definitions in 20 CFR 404.1568 and 416.968, unskilled work corresponds to an SVP of 1-2; semi-skilled work corresponds to an SVP of 3-4; and skilled work corresponds to an SVP of 5-9 in the DOT."   SSR 00–4p, 2000 WL 1898704 at *3.

(citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)).   The Commissioner's findings of fact are conclusive if supported by substantial evidence.   42 U.S.C. § 405(g).   Substantial evidence is "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion."   *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (finding that "[s]ubstantial evidence is something more than a mere scintilla, but less than a preponderance") (internal citation omitted).   "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision."   *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings).

## IV.   Discussion

### A. *Finding at step two and VA rating decision*

Plaintiff argues that Plaintiff's long history of treatment for depression and PTSD, the medical evidence and the VA's rating that Plaintiff's depression is 100% disabling support a finding that his depression was severe, and the ALJ erred when he failed to do so at step two.   Doc. 20 at 1-2, 15-18.   Plaintiff also argues that the ALJ erred by failing to explain the weight given to the VA's rating.   *Id.* at 19-20.

The Commissioner responds that the ALJ properly evaluated Plaintiff's severe impairments and determined his PTSD and depression were not severe.   Doc. 21 at

4-8.   With respect to the VA rating, the Commissioner asserts that the ALJ did not err in this case because the ALJ expressly addressed the VA impairment rating; and, although he did not expressly state the weight he accorded the rating, he implicitly discounted the VA's disability rating when he found that Plaintiff's depressive disorder was not a severe impairment.   Doc. 21 at 9.   The Commissioner also contends that because Plaintiff submitted only a letter from the VA stating that he had been evaluated as 100% disabled, and not the detailed explanation of the decision, the rating is of "limited probative value."   *Id.* at 12.   The Commissioner further contends that the ALJ gave specific reasons for concluding Plaintiff's depression was not severe and relied on the VA records in reaching his conclusion, and Plaintiff has not shown that the ALJ erred in his evaluation of the VA rating. *Id.* at 11.   The Commissioner continues, any such error would be "at most harmless, as it is clear that the ALJ assigned the rating little weight, and a remand for the sole purpose of having the ALJ articulate this decision would not lead to a different result."   *Id.*

The Court first will address Plaintiff's contention that the ALJ erred by failing to properly analyze the VA's 100% disability rating and by failing to accord the VA's rating great weight, because resolution of this issue will determine the Court's consideration of some if not all of the remaining issues.   The Social Security regulations provide that a decision by another governmental agency about whether a claimant is disabled is not binding on the Commissioner because it is not based on social security law.   20 C.F.R. § 404.1504.   The Social Security Rulings, however,

explain that such decisions and the evidence used to make them cannot be ignored, as they may provide insight into the claimant's impairments:

> [E]vidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered.
>
> These decisions, and the evidence used to make these decisions, may provide insight into the individual's mental and physical impairment(s) . . . .

SSR 06-3p, 2006 WL 2329939, at *6-7. The law in this circuit supports this proposition, and the Eleventh Circuit also has held that the VA's disability rating is evidence that should be considered and given great weight. *See, e.g.*, *Brady v. Heckler*, 724 F.2d 914, 921 (11th Cir. 1984) (quoting *Olson v. Schweiker*, 663 F.2d 593, 597 n.4 (5th Cir. 1981)); *see also Rodriguez v. Schweiker*, 640 F.2d 682, 686 (5th Cir. 1981)[2] (noting that while a VA rating is "certainly not binding on the Secretary, [] it is evidence that should be considered and is entitled to great weight"). Since *Rodriguez*, the Fifth Circuit has further clarified the weight to be accorded VA disability decisions in *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001), explaining that while such evidence may not be entitled to "great weight" because of the differing criteria applied by the two agencies, "it is evidence that is entitled to a certain amount of weight and must be considered by the ALJ." *Id.* The court further explained:

> In *Rodriguez* and its progeny, we have sometimes referred to a VA disability determination as being entitled to "great weight." While this is true in most cases, the relative weight to be given this type of evidence

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

> will vary depending upon the factual circumstances of each case. Since
> the regulations for disability status differ between the SSA and the VA,
> ALJs need not give "great weight" to a VA disability determination if
> they adequately explain the valid reasons for not doing so.

*Id.*   Generally, the ALJ must state with particularity the weight assigned to medical opinions and the reasons therefor.   *Lacina v. Comm'r of Soc. Sec.*, 606 F. App'x 520, 526 (11th Cir. 2015) (citing *Sharfarz v. Bowen*, 825 F.2d 278, 280 (11th Cir. 1987)). The Eleventh Circuit has held, however, that an ALJ also may *implicitly* address a VA disability rating.   *See Kemp v. Astrue*, 308 F. App'x 423, 426 (11th Cir. 2009). Thus, the Court must determine whether the ALJ employed the proper legal standards here, either implicitly or otherwise.

In this case, the ALJ's discussion of the VA disability rating and award is quite brief.   *See* Tr. 17-18.   In fact, the ALJ briefly acknowledged in passing the VA's disability determination only twice in his decision, both in the context of discussing Plaintiff's other medical records.   *Id.*   In the first instance, in discussing mental health records from the VA in November and December 2011, the ALJ noted: "Claimant's previous diagnosis of one hundred percent service connected depressive disorder was noted."   Tr. 17.   Later in the opinion, when discussing mental counseling at the VA in March 2013, the ALJ likewise stated "Claimant's 100% service connected rating for depression was noted."   Tr. 18.   Although the ALJ in both instances discussed the remainder of the findings from those medical records (Tr. 17-18), he did not analyze, discuss or even further mention the disability rating, nor did he address the weight he accorded it.   *See generally,* Tr. 13-23.

Such vague and passing statements concerning a Plaintiff's VA disability rating without any real evaluation or discussion of the basis for the VA rating are precisely the types of statements courts in this district previously have rejected based on Eleventh Circuit precedent.   *See, e.g., Hogard v. Sullivan*, 733 F. Supp. 1465 (M.D. Fla. 1990); *Gibson v. Comm'r of Soc. Sec.*, 725 F. Supp.2d 1347 (M.D. Fla. 2010); and *Salamina v. Colvin* No. 8:12-cv-985-T-23TGW, 2013 WL 2352204 (M.D. Fla. May 29, 2013).   Furthermore, it is binding authority in this circuit that a VA rating of 100% disability, as is present in this case, must be "more closely scrutinized by the ALJ." *Rodriguez*, 640 F.2d at 686.   Upon review of the record and relevant case law, the undersigned is not persuaded that the ALJ applied the correct legal standards, because even in cases in which the plaintiff received a VA disability rating of less than 100%, courts have held that the ALJ must do more than address the rating and supporting evidence in passing.   *See Salamina,* 2013 WL 2352204, at *3 (50% disability rating for service connected PTSD); *Gonz v. Commissioner of Social Security*, No. 6:12-cv-614-Orl-GJK, 2013 WL 4494313, at *2 (M.D. Fla. Aug. 20, 2013) (80% disability rating).   Here, with a 100% disability rating, the ALJ had an obligation to more closely scrutinize the records.   640 F.2d at 686.

In *Salamina*, the plaintiff argued that the ALJ erred by failing to address and assign great weight to the VA's disability determination.   2013 WL 2352204.   In that case, as noted, the plaintiff was assigned a 50% disability rating for service connected PTSD.   *Id.* at *3.   The court acknowledged that an ALJ's determination of the weight to assign a VA rating may be implicit, but still found problematic the

ALJ's failure to expressly identify the rating itself, specify how much weight she assigned to the rating and engage in any evaluation of the VA's disability rating. *Id.*

The court in *Salamina* rejected the Commissioner's contention that the ALJ did not err because she implicitly assigned great weight to the VA disability rating, stating that the Commissioner's argument would be more persuasive had the ALJ "acknowledged the VA disability rating with more than just a passing reference." *Id.* at *4. Instead, the court explained why the ALJ's minimal discussion was insufficient:

> There is not even a statement acknowledging the weight to be afforded to such ratings.   It is, therefore, impossible to determine whether the law judge simply overlooked the disability rating, or whether she gave it the appropriate consideration and weight.
>
> Moreover, it is speculation for the Commissioner to assert that the law judge gave the VA rating great weight, albeit implicitly. . . .

*Id.*   The *Salamina* court also noted that the ALJ referred to and discussed the plaintiff's VA medical records, but found that such discussion "does not substitute for consideration of the rating decision itself." *Id.* (citing *Williams v. Barnhart*, 180 F. App'x 902 (11th Cir. 2006)).   The court further found that the Commissioner's argument that the ALJ implicitly assigned the VA rating great weight was an "impermissible *post hoc* rationalization" that cannot form the basis for judicial review of an administrative decision.   *Salamina*, 2013 WL 2352204, at *4.   Accordingly, the decision of the Commissioner was reversed, and the case was remanded.   *Id.* at *1.

Similarly, in *Gonz*, the court determined that the ALJ's failure to meaningfully discuss the VA's disability rating warranted reversal and remand.   2013 WL

4494313, at *4-5.   The plaintiff in *Gonz* argued that the ALJ's failure to evaluate, consider and give great weight to the VA's disability rating warranted reversal and remand.   As in this case, the Commissioner in *Gonz* argued that the ALJ implicitly concluded the VA's decision was entitled to little weight and a remand to consider the VA's disability determination would serve no practical purpose, would not change the ALJ's findings and would be a waste of judicial and administrative resources.   *Id.* at *2.   In that case, the ALJ acknowledged the VA's disability rating of 80%, but cited the regulations for the proposition that another agency's determination is not binding on the Commissioner because it is not based on Social Security rules.   *Id.*   The court noted that the ALJ did "not otherwise address, evaluate, and/or weigh" the VA's rating decision or summary of benefits letter.   *Id.*

The court explained that "the ALJ mentions the VA's disability rating and decision only in passing, cites to the regulations stating that such decisions are not binding, and does not engage in any meaningful evaluation of the VA's decision." *Id.* at *3.   The court then discussed at length the *Salamina* decision, which it found "highly persuasive and more analogous" to the *Gonz* case than the Eleventh Circuit's *Kemp* decision.   *Id.* at *4.   Ultimately, the court in *Gonz* concluded that reversal was warranted because "[a]lthough the ALJ mentions the VA's disability rating in passing, the ALJ's decision does not state the weight provided to it and wholly fails to provide any evaluation of the VA's decision."

In *Herrera v. Astrue*, the court also determined that the ALJ's failure to adequately address the VA's disability determination warranted reversal and

remand.   No. 3:10-cv-293-J-JBT, 2011 WL 816797 (M.D. Fla. Mar. 2, 2011).   As here, in that case the VA assigned the plaintiff a 100% disability rating.   The court determined that the ALJ's failure to state the weight given to the rating, include it in his analysis and explain why the rating was not entitled to great weight required reversal.   *Id.* at *1.   Similar to this case, there the court noted that the ALJ mentioned the 100% disability rating in his opinion, but only in the context of summarizing the plaintiff's hearing testimony.   *Id.* at *4.   The court stated that the ALJ's failure to discuss the VA rating suggested the ALJ did not consider it or attribute it great weight, as required.   *Id.*   Moreover, the court found the facts of *Herrera* distinguishable from *Kemp*, because in *Kemp* the ALJ "continuously" referred to the VA rating throughout his analysis and gave specific reasons why the VA's determination did not meet certain Social Security criteria, but in *Herrera* the ALJ "failed to analyze at all the VA disability determination" and thus the court found the ALJ's mere "passing reference" was "clearly distinguishable."   *Id.*

This Court previously has considered this issue in a case in which the claimant had been given a 70% disability rating from the VA.   *Pierre v. Comm'r of Soc. Sec.*, Case No. 2:14-cv-133-FtM-CM, 2015 WL 1862901 at *3-7 (M.D. Fla. Apr. 23, 2015). There, the ALJ stated that he gave "considerable" weight to the medical opinions of record yet only mentioned in passing Plaintiff's 70% disability rating by the VA, stating the rating was "not substantiated."   *Id.* at *3.   The undersigned reversed and remanded, holding that "the ALJ's failure to explain or address in any substantive manner the VA rating and why he assigned it reduced weight renders

the Court unable to determine whether the proper legal standards were applied." *Id.* at *7.

Similarly, here the Court also cannot conclude that the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence, because the ALJ failed to address or explain at all what weight, if any, he gave to the VA's 100% disability rating.   Moreover, the Court does not find persuasive the Commissioner's argument that it was sufficient for the ALJ to consider and rely upon VA medical records in reaching his conclusion.   Doc. 21 at 11.   As the *Salamina* court stated, such discussion is not a substitute for consideration and evaluation of the rating itself.   2013 WL 2352204, at *4.   Accordingly, here as in *Salamina* and the other cases discussed in this opinion, the Court is unable to determine whether the proper legal standards were applied.

That the ALJ did not provide any meaningful discussion of the VA rating is not surprising.   As noted by the Commissioner, the ALJ had scant evidence before him concerning the basis for the VA's rating.   *See* Doc. 21 at 12; Tr. 243.   Plaintiff submitted with his application a one-page letter dated June 17, 2011 from the Department of Veteran Affairs addressing Plaintiff's claim of July 26, 2010 for "service connected compensation."   Tr. 243.   In summarizing the VA's decision, the letter stated, in pertinent part:

> Entitlement to an earlier effective date for increased evaluation of major depressive disorder (also claimed as acquired psychiatric disorder and neurosis), for purpose of entitlement to retroactive benefits, *currently evaluated at 100 percent disabling*, is not warranted. *An evaluation of 100 percent effective November 4, 2009, is confirmed and continued.*

*Id.* (emphasis added).   The letter also stated the VA enclosed with it a copy of the "Rating Decision for your review. It provides a detailed explanation of our decision, *the evidence considered*, and the reasons for our decision. Your Rating Decision and this letter constitute our decision based on your claim received on July 26, 2010."   *Id.* (emphasis added).   Plaintiff, however, did not submit the rating decision to the Commissioner – only the one-page letter.   *See id.*   Moreover, Plaintiff did not address in his brief why he did not submit the rating decision (*see* Doc. 21 at 20-21), and there is no discussion in the record at the hearing concerning that issue.[3] Accordingly, notwithstanding the ALJ's failure to discuss the rating or the weight he provided to it, the Court must determine whether the ALJ's duty to develop the record extended to his requesting Plaintiff to supplement the record with the VA rating decision.

The Commissioner argues that because Plaintiff submitted only the letter and no supporting evidence to support the VA's decision, the VA rating is of "limited probative value."   Doc. 21 at 12.   The Commissioner points out that it is "Plaintiff's burden to produce evidence in support of his claim."   *Id.*, citing *Ellison*, 355 F.3d at 1276; see also 20 §§ C.F.R. 416.912(a), 416.912(c).   While this is true, it is well established that the ALJ has a duty to develop a full and fair record.   *Ellison*, 355

---

[3] Although there is a brief exchange between the ALJ and Plaintiff about the VA's ratings in Plaintiff's first hearing transcript, the letter from the VA in the record is dated June 17, 2011; so it is not clear to the undersigned whether that particular document was before the ALJ at the time of the first hearing on June 23, 2011.   Tr. 76.   If it was, this further would support the ALJ's duty in this case to develop the record, as discussed *infra*, by requesting the full rating report.   In any event, the ALJ was aware of the VA rating as far back as 2011 in the first hearing.   *See* Tr. 90-91.

F.3d at 1276; *Graham v. Apfel,* 129 F.3d 1420, 1422-23 (11th Cir. 1997) (the ALJ has an affirmative duty to develop the record fully and fairly).   The Supreme Court has held that "Social Security proceedings are inquisitorial rather than adversarial.   It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 110-11 (2000). "This obligation exists even if the claimant is represented by counsel, or has waived the right to representation." *Cowart v. Schweiker,* 662 F.2d 731, 735 (11th Cir. 1981) (citing *Thorne v. Califano*, 607 F.2d 218, 219 (8th Cir. 1979)).   The Social Security regulations also address this obligation and the relevant time period:

> Before we made a determination that you are not disabled, we will develop your complete medical history *for at least the 12 months preceding the month in which you filed your application.*

20 § C.F.R. 416.912(d) (emphasis added); *see also Smith v. Comm'r of Soc. Sec.*, 501 F. App'x 875, 878 (11th Cir. 2012) (noting '[t]he ALJ has a basic obligation to develop a full and fair record, and must develop the medical records for the twelve months prior to the claimant's filing of her application for disability benefits"), citing *Ellison*, 355 F.3d at 1276.

Here, Plaintiff filed his application on December 22, 2009.   Tr. 220.   His last insured date was December 13, 2013.   Tr. 13.   Thus Plaintiff must establish disability on or before the latter date to be entitled to a period of disability and disability insurance benefits.   See 42 § U.S.C. 423; Tr. 13.   Although the VA letter submitted in the record was dated June 17, 2011, it confirmed Plaintiff's 100% disability evaluation as of November 4, 2009.   Tr. 243.   The letter noted that the

"evidence considered" to make the decision was included in the rating decision itself. *Id.* Records prior to the evaluation date presumably would have been discussed in the rating decision and, if so, unquestionably would have been relevant and important for the ALJ to evaluate in making his decision concerning Plaintiff's claim of disability for his depression and PTSD.   In fact, the ALJ was obligated to develop those records; yet, he only acknowledged the VA rating in passing and failed at all to address the letter from the VA.   Tr. 17-18.

The Eleventh Circuit has held that "[i]n evaluating the necessity for a remand, we are guided by 'whether the record reveals evidentiary gaps which result in unfairness or clear prejudice." *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995) (quoting *Smith v. Schweiker*, 677 F.2d 826, 830 (11th Cir. 1982) (internal citation and quotation marks omitted)).   Although *Brown* and *Smith* each involved a claimant that was not represented by counsel, this circuit also has held that an ALJ's obligation to develop a full and fair record extends to cases such as this where the claimant was represented by counsel at the administrative level.   *See* 662 F.2d at 735.   With the evidentiary gaps here, the Court simply cannot review whether substantial evidence supports the ALJ's decision as to the VA rating or the severity of Plaintiff's depression and PTSD.

Upon review of the record, the undersigned finds the facts of the present case most closely analogous with those of *Salamina*, *Gonz* and *Herrera*.   The ALJ here did not adequately address or explain his reasons for either crediting the VA rating or assigning it less than great weight, if such is the case.   Moreover, this case is

further distinguishable from *Kemp,* because in that case the Eleventh Circuit found the ALJ's references to the records and rating suggested the ALJ implicitly found the rating was entitled to great weight.   308 F. App'x at 426.   Here, as in *Pierre*, however, the Commissioner concedes that the ALJ implicitly *discounted* the VA disability rating when he found Plaintiff's depressive disorder was not severe.   Doc. 21 at 9.   Even if true, to what degree is unknown, because the ALJ did not state with particularity the weight he assigned this rating.   This is precisely what the court found to be insufficient without additional explanation in *Gonz*.   *See* 2013 WL 4494313, at *3-*4.   Moreover, just as the court in *Salamina* found the Commissioner's argument that the ALJ implicitly assigned weight to the VA rating was an "impermissible *post hoc* rationalization" that cannot form the basis for judicial review of an administrative decision, so too does the undersigned find here.   2013 WL 2352204, at *4.

Moreover, the Court finds the ALJ had a duty to develop a full and fair record, and in doing so permit Plaintiff to supplement the record with the full VA rating decision.   The Court therefore concludes that remand is warranted here.   On remand, Plaintiff shall be allowed to supplement the record before the ALJ with the VA's rating decision.   The ALJ then shall review Plaintiff's claim again and specifically address in his opinion the VA's rating decision and the weight given.   He also should evaluate whether, given this evidence, Plaintiff's PTSD and depression are severe impairments.

### B. Whether substantial evidence supports the ALJ's RFC finding as to Plaintiff's physical abilities

Plaintiff's final argument is that the record does not support the ALJ's finding that Plaintiff can perform light work.   Doc. 20 at 20-24.   Plaintiff's primary focus of this argument is that the ALJ should have accorded greater weight to the opinion of consultative examiner Jacob Glock, M.D.   *Id.* at 20-22.   He argues that while the ALJ found that Plaintiff could sit, stand or walk for up to six hours in an eight-hour work day (Tr. 19), Dr. Glock limited him to no more than four hours of sitting, standing, or walking (Tr. 570).   Doc. 20 at 20.   The Commissioner responds that because Dr. Glock was not a treating source, his opinion was not entitled to any special weight, and the ALJ properly assigned Dr. Glock's opinion little weight because it was not consistent with his own primarily normal findings on examination and must instead be based on Plaintiff's subjective reports.   Doc. 21 at 14-15; Tr. 22.

The RFC is the most that a claimant can do despite his limitations.   *See* 20 C.F.R. § 404.1545(a).   At the hearing level, the ALJ has the responsibility of assessing a claimant's RFC.   *See* 20 C.F.R. § 404.1546(c).   The ALJ is required to assess a claimant's RFC based on all of the relevant evidence in the record, including any medical history, daily activities, lay evidence and medical source statements.   20 C.F.R. § 404.1545(a).   The claimant's age, education, and work experience are considered in determining his RFC and whether he can return to his past relevant work, *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 C.F.R. § 404.1520(f)), and the RFC assessment is based upon all relevant evidence of a

claimant's ability to do work despite his impairments.   *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004); *Lewis*, 125 F.3d at 1440 (citing 20 C.F.R. § 404.1545(a)).

Under the regulations, the ALJ must weigh any medical opinion based on the treating relationship with the claimant, the length of the treatment relationship, the evidence the medical source presents to support his opinion, how consistent the opinion is with the record as a whole, the specialty of the medical source and other factors.   *See* 20 C.F.R. § 404.1527(c)(2)-(6).   Opinions of treating sources are usually given more weight because treating physicians are the most likely to be able to offer detailed opinions of the claimant's impairments as they progressed over time and "may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations . . . ." 20 C.F.R. § 404.1527(c)(2).   Findings of fact made by state agency medical and psychological consultants as to the nature and severity of a claimant's impairments must be treated as expert opinion evidence of nonexamining sources by the ALJ, but the ultimate opinions as to whether a claimant is disabled, the severity of a claimant's impairments, the claimant's RFC and the application of vocational factors are exclusively reserved to the Commissioner.   SSR 96-6p; 20 C.F.R. § 404.1527(d)(1)-(2).   Unless a treating source's opinion is given controlling weight, the ALJ must explain the weight given to the opinions of other consultants, doctors or medical specialists.   20 C.F.R. § 404.1527(e)(2)(ii); *Vuxta v. Comm'r of Soc. Sec.*, 194 F. App'x 874, 877 (11th Cir. 2006).

In this case, after physical examination of Plaintiff on January 2, 2013, Dr. Glock opined that Plaintiff is limited to less than the full range of sedentary work, finding that Plaintiff could occasionally lift ten pounds; could sit four hours in an eight hour workday; could stand and walk four hours at a time for a total of two hours each in an eight hour work day; could occasionally use his right hand to reach, handle, feel, finger, push and pull; could never perform any postural activities (e.g., climbing stairs, ramps or ladders; balancing, stooping, kneeling, crouching or crawling); and could occasionally tolerate exposure to all environmental conditions except unprotected heights and moving mechanical parts, the latter two of which he could never tolerate.   Tr. 569-73.

The ALJ noted that Dr. Glock's conclusions were inconsistent with the physician's own examination notes and other substantial evidence in the record.   Tr. 22.   Dr. Glock did not find Plaintiff to be in acute distress; and while Plaintiff walked very slowly and cautiously without a cane, he was able to walk on his heels and toes and perform a full squat.   Tr. 563.   He had no difficulty getting off the examination table (but had significant difficulty getting onto the table and out of the chair); he had a full range of motion except for reduced range in forward and later flexion of the lumber spine; and his straight leg raising test was negative, among other findings. Tr. 563-64.

Moreover, as noted by the Commissioner, Dr. Glock's opinion was consistent with the examination by consultative examiner Stanley Rabinowitz, who on June 21, 2010 found that Plaintiff had a slow, mildly unsteady but non-ataxic gait; negative

straight leg raises; normal sensation and motor strength; and normal range of motion except for some reduced motion in his lumbar spine.   Tr. 477-85.

The ALJ further noted that Plaintiff can engage in a wide range of activities, and he cancelled two epidural injection procedures that were scheduled for his back in spite of his continued allegations of pain.   Tr. 21-22.   With respect to Plaintiff's argument concerning Plaintiff's need for an assistive device for "prolonged ambulation" (Doc. 20 at 22), the ALJ expressly addressed Plaintiff's use of a cane to ambulate and that he recently had been approved for a manual wheelchair by the VA.   Tr. 20, 22.   Nonetheless, the ALJ noted that "objective observations and medical testing has been scant during follow up appointments [and c]laimant's most recent full physical examination showed negative straight leg raising and a full range of motion in all joints with no instability or swelling observed.   Claimant was able to fully squat and had no motor strength or sensory abnormalities."   Tr. 22.

Although the Court finds that that substantial evidence in the *present* record would support the ALJ's decision with regard to Plaintiff's physical impairments and the RFC determined by the ALJ, to the extent the VA disability decision includes discussion of records relevant to Plaintiff's physical impairments, or if the ALJ further evaluates Plaintiff's mental impairments and finds the RFC should be further limited, the Court will refrain from affirming the ALJ's decision on this issue as well. On remand, the ALJ should evaluate the additional evidence from the VA and determine what if any effect it has on Plaintiff's RFC.

V.    Conclusion

Because the ALJ's opinion only mentions in passing Plaintiff's 100% disability rating by the VA, it therefore is not clear whether the ALJ accorded the VA rating great weight, as required by Eleventh Circuit case law; and the ALJ's failure to explain or address in any substantive manner the VA rating renders the Court unable to determine whether the proper legal standards were applied.   The Court therefore also cannot conclude that the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence.   Moreover, the ALJ failed to properly develop the record by requesting the full VA rating report.   Accordingly, remand is required.

ACCORDINGLY, it is hereby

**ORDERED:**

1.    The decision of the Commissioner is **REVERSED,** and this matter is **REMANDED** to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), for the Commissioner to:

a.    permit Plaintiff to supplement the record before the ALJ with the VA's rating decision, and further to have the ALJ:

i.    employ the proper legal standard to properly evaluate the VA disability rating and assign great weight to the rating, or adequately explain the reasons for finding that the rating is entitled to reduced weight;

ii.    reevaluate whether, given this evidence, Plaintiff's PTSD and depression are severe impairments;

iii.    reevaluate what, if any, effect the VA rating or the ALJ's decisions therefrom have on Plaintiff's RFC; and

       b.     make any further determinations consistent with this Opinion and Order, or in the interests of justice.

      2.     The Clerk of Court is directed to enter judgment accordingly, and close the file.

      **DONE** and **ORDERED** in Fort Myers, Florida on this 21st day of July, 2016.


CAROL MIRANDO
United States Magistrate Judge


Copies:
Counsel of record